Speak, J.
The original action was instituted by the then treasurer of Franklin county against the plaintiffs in error to recover special assessments for street improvements (and incidentally for general taxes), and to have the assessments declared liens upon certain city lots within the city of Columbus, a number of which, located on the north side of Dodridge street, were owned jointly by Walsh and Stone, and others, located on the south side of said street, were owned wholly by WAlsh. Answers were interposed to the effect that the assessments exceeded the special benefits. To these pleadings general demur *213 rers were interposed and sustained. A judgment in favor of the treasurer was thereupon rendered, and the same declared a lien upon the property. The cause was then brought by the plaintiffs in error to this court where the judgment below was reversed on the ground that, the record disclosing that the assessments exceeded the special benefits conferred upon the property by the improvement, the assessments were invalid. The case is reported in 61 Ohio St., page 15, Walsh v. Barron. The case being thereupon remanded to the circuit court for further proceedings, additional pleadings were filed and that court heard testimony pro and eon upon the question of benefits and set aside the assessments in part and confirmed them in part, and rendered judgment for the amount so found to be due, with order to sell in case of default in payment, etc.
One of the questions now made by the plaintiffs in error is as to the power of the circuit court to adjudicate the questions at issue. It is maintained by counsel that, this court having held that where the record shows the assessments to exceed the special benefits, the same are illegal, and must be set aside, the circuit court, whén it found from the evidence that the assessments did exceed the special benefits in a substantial amount, should have set them aside as null and void, leaving the city the privilege of making new assessments. And this, it is insisted, is imperatively required by the language of the decision referred to. That language is: “When an assessment is made in substantial excess of the benefits, it must be set aside and held for naught, subject, however, to the right of the city to have a new assessment made on accurate principles.” The holding, we think, hardly justifies the conclusion. No question *214 was presented in the issue here as to the authority upon whom would devolve the work of making a new assessment, and it was not the purpose of the court, as it was not its duty, to indicate an opinion upon that point. But is the proposition well taken on principle? It is not perceived that the taking of jurisdiction to determine such a controversy violates any known general rule of law or the provision of any statute. The question to be determined was not whether any assessment might have been lawfully made. Confessedly one not exceeding benefits could have been lawfully made. Hence, the question was simply one as to amount. Issues of fact and of law looking to the determination of that question were properly joined by the pleadings; the parties were before a tribunal whose office is to hear and determine just such controversies, and capable of giving legal, and unless appeal is taken, conclusive effect to its judgment, and thus end the' contention, and no substantial reason has been adduced, and we think none can be, why the parties should not work out their controversy by the aid of that tribunal. And this conclusion seems to be aided by the argument ab incoiivenienti. It is conceded by counsel for plaintiffs iu error that if a new assessment were made by the city authorities it would be subject to review by the courts, and if such municipal work may be reviewed upon the question of fact as to the amount of benefits, and the relation the same bear to the value of the land, it would seem that, where it has been judicially determined that the assessments made by the municipal authorities have exceeded the benefits conferred, and are, for that reason, illegal, economy and the avoidance of a multiplicity of suits would demand that the matter of new assessments upon correct principles be *215 worked out in the courts in the first instance rather than that the matter be remitted to the municipal authorities with the chance of further litigation in case the amount assessed should again be deemed by the owner to be excessive. We are of opinion that the court did not err in taking jurisdiction to determine the proper amount of the assessments.
Another question presented by the record is, perhaps, more difficult. The abatement in the assessments was confined wholly to property on the north side of Dodridge street, the court refusing any abatement in the assessments upon property on the south side. The property on the south side was purchased by Walsh of one Heitman, adm’r, under an order of sale by the probate court, while the street improvement was in progress but before its completion, and the deed to him by the administrator was delivered prior to the completion of the work and some three or four months prior to the passage of the assessing ordinance. At the trial the plaintiffs in error contended that the same principle as to deduction from the assessment which was applied to lots on the north side of the street should be held to apply to those- on the south side, but the court held that: “Walsh is estopped from questioning the assessment because- of his agreement to assume and pay the samé as part of the con sideration for said property. The court finds that if he were not so estopped he would be entitled to have the property relieved of the assessment to the extent of |ál5.18, being the sum which the court has found to be the difference between the special benefits conferred by the improvement and the assessments therefor.” This finding against Walsh is classed in the entry as a finding of fact, but it is in reality a finding of law and depends for its sufficiency upon a clause *216 in the deed of the administrator to Walsh. No other evidence was given upon the question of the purchaser’s promise. The clause referred to is at the end of the paragraph containing the description of the land conveyed, and that paragraph is as follows:
“Outlet number 25 in North Columbus as per plat thereof recorded in the recorder’s office of Franklin county, Ohio, in plat record number 1, pages 54 and 55, being the same premises conveyed to Elizabeth Brehl by Huldrich Langlotz and Fredericka Langlotz, his wife, by deed dated August 13, 1865, recorded in said recorder’s office in book No. 84, pages 413. and 432, (the taxes and penalties now due and the taxes for 1892 are to he paid by the said administrator for all street assessments and sewer assessments are to be paid by the said purchaser and grantee) free from the dower estate aforesaid.”
The proposition in support of the holding is that here is an agreement by the purchaser to pay the assessment because he lias not paid the vendor the full value of the land but has reserved in his hands so much purchase money for the purpose of discharging the lien. When this is made to appear the rule of law which follows is well understood. It has been applied time and again by this court. But the principle does not apply here inasmuch as the record entirely fails to show that the amount of the assessments were taken from the purchase price of the- land, os that the amount was then known, or could have been known, for the improvement had not been completed, and the assessment ordinance was not passed for months afterwards. As respects the vendor and vendee the most that can be claimed would be that the language implies an obligation to save the vendor harmless as to such assessments. But the controversy *217 is not between tbe vendor and vendee; it is wholly between the vendee and the city. It is not reasonable to assume that the parties intended that any assessment should be paid beyond that which the city had a lawful right to make, and the vendee is not here insisting upon any defense which the vendor might not himself have made. The case is different from one where a debt of the vendor had existed. None did exist against the vendor. A charge was to be made upon his property, but he had, as yet, received no benefit, and no personal obligation had been incurred, nor could such debt be imposed prior to the taking effect of the assessing ordinance and at that time the vendor was.not the owner of the property. That the statute provides that the lien of the assessment shall attach from the date of the contract is not of importance; it in no way justifies an illegal assessment, or estops the owner to make the question after the assessment ordinance is passed.
Another feature of the situation justifies mention. A street improvement implies special benefit to the abutting property after the improvement is made. It is supposed to enhance its market value, and, where the property itself is improved, as a rule, enhances its value for use. Thus the one who occupies after the improvement gets the benefit, whatever it may be1, and the theory on which payments for street paving are apportioned over a number of years, aside from the easing of the burden, is that the occupant is receiving, in enhanced use the value of the installments which he pays from year to year. It happens usually that by the time the whole assessment is paid the pavement is worn out, or practically so, and it would seem that the right to repave at the expense of abutting property, which is resorted to in some munici *218 palities, can rest on no sufficient basis other than the enhanced value of the use by the owner during the life of the proposed new pavement. Experience shows that all other elements of increased value have been exhausted by the first pavement. This view, it seems to us, adds strength to the conclusion that the clause in the deed was not intended as a contract of which the city could take advantage, nor as imposing any defined amount of assessment on the purchaser, and that full effect is given to it when it is held to mean simply that no part of the purchase money was to .be applied to street assessments, but the burden, in that respect, whatever it might turn out lawfully to be, was assumed by the purchaser. This is made still more apparent, by the provision in the deed that: “The taxes and penalties now1' due, and the taxes for 1892, are to be paid by the administrator.”
The case of Caldwell v. Columbus, 56 Ohio St., 759, is cited by counsel for defendants in error as sustaining their contention. In that case the assessment had been made and partly paid at the time of the sale, and in the deed, accepted by the purchaser, was this clause: “And all liens, taxes and assessments whatsoever created by or existing in consequence of any improvments of the streets and avenues touching said lots, or either of them, whether under what is known as the Taylor law or otherwise, that are now due or that may hereafter become due, said grantee assumes and agrees to pay as a part of the purchase price of said lots.” It was held that the purchaser could not contest the assessment. Clearly the holding has no application to the present case.
We are of . opinion that Walsh was not estopped to set up the illegality in the assessment, and that the circuit court erred in refusing to make the deduction *219 of $415.18 from the assessment on the lots on the south side of Dodridge street.
Other grounds of error are urged by counsel for plaintiffs in error, all of which have been considered. We do not find it necessary to discuss them more than to say that we are unable to hold that the court, in those respects, erred.
For the error hereinbefore pointed out, the judgment of the circuit court will be reversed arid the cause remanded to that court with direction to render judgment in accordance with this opinion.

Judgment reversed.

Minshall, C. J., Williams, Burket, Davis and Shauck; JJ., concur.